My name is Gene Summerlin, appearing today on behalf of the appellant, Kali Myers. The district court here erred when it dismissed plaintiff's claims based on a lack of subject matter jurisdiction. I'm sorry, based on lack of standing. It's apparently personal jurisdiction day at the court. The district court erred when it determined that the plaintiff lacked standing to bring both a declaratory judgment claim and her claim for prospective injunctive relief. As we discussed in our brief, the district court actually never even addressed the declaratory judgment claim. But the plaintiff here clearly has standing to pursue both claims. The basis of this litigation is a challenge to Sioux City's pit bull ban. It's an ordinance that bans three identified breeds and also bans mixed breed dogs that have the predominant characteristics of these three banned breeds. Ms. Myers had previously had two dogs taken from her under the ban. She then brought suit challenging the constitutionality of the ban and ultimately asserted two claims. There's a facial claim which says essentially that the ordinance is unconstitutional in all of its applications and an as-applied claim that relates to her mixed breed dogs. So the basis for the facial challenge is that the current state of our understanding in science in behavioral genetics is that individual breed, such as the breeds that have been banned here, are no more dangerous than any other breed of dogs. As a result, the ordinance lacks a rational relationship to a legitimate government interest. Can you point to where the as-applied claim was made in the complaint? Yeah. Particular paragraphs or claim for damages? There is no claim for damages. But the other challenge to the ordinance is that with respect to mixed breed dogs, like Ms. Myers, there have been a number of studies that have been conducted recently that establish that even trained animal professionals are unable to determine the predominant breed of a dog of unknown origin based upon visual inspection. Isn't that an argument that goes to the facial challenge rather than a particular as-applied? The as-applied is you took my two dogs, right? Yes. If you look at her claim for declaratory relief, I've been practicing constitutional law for almost 30 years. I think it's easy to say, okay, in a broad sense, here's the difference between facial and as-applied challenges. But as you get to the margins, which is I think where we are here, it is a little bit more difficult. Because if you take the definition of facial challenge as saying, okay, that's a challenge that claims this ordinance is unconstitutional in all of its applications. The allegations with respect to mixed breed dogs don't seek to invalidate the ordinance in all of its applications. But it does say that, look, when you're making decisions on mixed breed dogs, as opposed to a purebred of one of these banned breeds, the ordinance fails because we know when you make that visual identification, you're wrong more often than you're right. But that's also consistent with a facial challenge where you have to show in every application pure pit bulls and ones that look like pit bulls, right? Sure, yeah. But I think, see, it looks, I don't know, I'm a hard time reading this as an as-applied challenge. And I think that even if the court determines that there is no as-applied challenge, this is a facial challenge, the standing issues are still out there and the district court was still incorrect in reaching that determination that the plaintiff lacked standing. And if you look, it's clear that the plaintiff brought claims both for declaratory relief under the Declaratory Judgment Act and also for prospective injunctive relief. So if you look at the rules for standing are the same for both, but the analysis is different. So if you look at the plaintiff's claim for declaratory relief, you've got a plaintiff that has had two dogs taken away from her and seeks declaratory relief that this ordinance is unconstitutional based on the way the ordinance had been applied to her or the more facial challenge, the ordinance is unconstitutional due to the scientific evidence that I mentioned earlier. But when you, so when you look at, you know, what are the requirements for standing? Injury in fact, causation, redressability. On the declaratory claim, the plaintiff clearly has an injury in fact. She had two dogs taken from her. The causation element is satisfied. The dogs were taken from her as a result of the defendant's actions in enforcing the ordinance. And is the claim redressable? Well, under Steffel and the other cases that we cited in the brief, the declaratory judgment itself establishes redressability. The plaintiff has a right to have the court declare, is this ordinance under which she was subject to harm unconstitutional? Under the claim for prospective injunctive relief, still the same three elements, injury in fact, causation, redressability. But the analysis becomes different because now you've got a plaintiff who no longer has a dog, who's expressed an intent to get a dog in the near future. The plaintiff subsequently moved from Sioux City but still works in Sioux City, still has a veterinarian in Sioux City, still wants to be able to bring a dog into Sioux City to visit family. The question becomes, is that plaintiff subject to an imminent threat of future enforcement? All of the cases cited by the district court on that issue were cases where either the governmental entity said, look, somebody's challenged this statute, we no longer intend to enforce it. Or a plaintiff has said, okay, I engaged in this conduct that was potentially a violation of an ordinance or a statute, but I no longer intend to engage in that in the future. This is a different scenario. In those situations, it's easy for a court to say, yeah, there's no threat of imminent future prosecution here, so there's no need for prospective injunctive relief. This is a case where the plaintiff has made allegations that she would like to engage in conduct that potentially would be outlawed by this ordinance in the future. Therefore, she has standing to seek prospective relief with respect to the ordinance's application. The other point that we raise in our brief is with respect to the district court's dismissal of the void for vagueness claim at a motion to dismiss stage. We fully understand that other courts have looked at similar breed bans in the past and said that the definitions used to identify breeds are not void for vagueness. The difference in this case is that there's been a significant amount of scientific discovery with respect to the canine genome that has occurred between these earlier cases and where we are today. So as the amended complaint states, the definition of saying a dog is a pit bull if it's one of these three breeds, you can accept that. If it's an AKC-registered dog of one of these three breeds, it constitutes a pit bull. But when you start talking about mixed-breed dogs and you say, okay, if a dog is a pit bull if it has these characteristics, well, we now know that doesn't mean that the dog is a pit bull. We're able to do DNA tests now that identify breeds. As a result, there have been studies that have been undertaken where trained professionals, animal control officers, veterinarians, dog trainers, look at dogs that are mixed breeds of unknown origin and try and identify what are the predominant breeds of this animal. And they're wrong more often than they're right. As a result, under the vagueness standard, the concern is, doesn't a person of ordinary intelligence have an opportunity, a reasonable opportunity, to know what's prohibited? Well, here where you can't look at a mixed-breed dog and determine if it's a pit bull, that person doesn't have an opportunity. And, in fact, as alleged in the complaint, the plaintiff here had exactly that situation happen where one animal control officer looked at her dog and said, no, it's not a pit bull, and no action was taken. But then a year later, another animal control officer looked at the same dog and said, no, it is a pit bull. And so the animal was taken. As a result, the void for vagueness claim here should be reinstated, and the plaintiff should be allowed to litigate that. To digress just for a minute, when you read the complaint, as I read it, it asks for a declaration that the statute is unconstitutional and injunctive relief to prevent future deprivation of dogs. Correct. But the plaintiff here is a non-resident of the city, doesn't own a dog, and testified that she had no immediate plans to acquire a dog. So I guess I want to direct you to the standing issue. Why doesn't that support the court's finding of a lack of standing? Okay, so with respect to the prospective relief, that potentially could support the court's finding. Now, the difference is there's one line in her deposition where the plaintiff was asked, do you currently have a dog? She answered no. Then the question was asked, why? She said, well, my boyfriend and I work full time, and we don't have time right now. Subsequently, she filed an affidavit stating that she did intend to get a dog in the near future. But the court's analysis focusing on the fact that the plaintiff currently didn't have a dog begs the question, in a sense. The plaintiff had dogs. Both dogs were taken from her. Does she need to get another dog, have that dog taken from her to maintain standing, or are we stuck in a loop? Well, but the problem is that when you read the complaint, it asks for nothing. It asks for no relief of any sort with respect to what's happened in the past. It asks for declaratory relief. I mean, the declaratory relief that the ordinance is unconstitutional. This is a plaintiff that has had the ordinance enforced against her in the past. She's lost two dogs. She could have brought a claim for damages. The fact that the plaintiff sought declaratory relief shouldn't eliminate her standing. When the declaratory relief itself, under the Eighth Circuit's opinions and the Supreme Court's opinions, the declaratory relief itself provides redressability. In Schnapp, the Eighth Circuit case where a father had a son that was killed by a police officer while fleeing, the police officer's action was authorized by a Missouri statute, which allowed an officer to use deadly force against a fleeing suspect. The father then brought a claim challenging the constitutionality of that statute. He couldn't seek damages, and he didn't. He sought simply a declaratory judgment that this statute was unlawful. And the Eighth Circuit said, look, even though he can't get damages, he's got a right to a declaration on the constitutionality of that statute. And again, what was that case? I don't remember the title. It is Mattis v. Schnarr, 502 F. 2nd, 588. It's a 1974 case from the Eighth Circuit. I say amen at my rebuttal time. If there are no more questions, I'll cede to my opposing counsel. Very well. Thank you, Mr. Summerlin. May it please the court, counsel. Ten years ago, the city of Sioux City had a problem. Around 12 percent of the animals of the dogs in Sioux City were pit bulls or pit bull-type dogs. So at that time, those dogs were responsible for 44 percent of the vicious bites in town. Fast forward to today. We're not saying that, well, let me put it this way. Everybody gets their day in court. Longstanding principle. It's been around for probably longer than the country has. But in order to have your day in court, you have to have standing. And in this case, Ms. Myers does not have standing. In order to have standing, it's a two-pronged test in this case. Number one, she has to be in Sioux City. And number two, she has to have a pit bull or pit bull-type dog in Sioux City. In her deposition, she stated she doesn't live in Sioux City, albeit she works. So I think the first prong is met. But the second prong is she stated that she doesn't have any intention to get a dog in the near future, let alone even a pit bull. So at that point, courts have said. So what about this argument that I had two dogs taken, and because of that, I'm entitled to a declaration that the statute's unconstitutional, and I have sufficient injury because I had two dogs taken? Well, the two dogs taken, I think, is a little bit of a misstatement because the two dogs were removed. Those dogs were given back to her, at which point she decided to place them in locations outside of the city. They were removed from her possession, and she was afforded the opportunity to come get them and have them removed from the city. She chose to not retain ownership, I believe, of those, but I believe that's a non-issue. If she wanted to challenge those issues, she could have, but she didn't in this petition. She could have challenged that all the way up to the Iowa Supreme Court if she liked to for those two dogs. But what she's asking for is going forward, I want to be protected in case I ever decide to get a pit bull. The courts have said that standing has to be maintained throughout the length of the litigation, and at that moment, when she said she had no intention of going forward with getting another pit bull, I believe, in all honesty, we lost standing. Mr. Sumlin pointed a little bit about the breed-specific language that we have and talked about DNA identification, and I would agree with him. It's come tremendous leaps and bounds. We can do things with DNA that we never probably thought possible. But what the Sioux City ordinance does, it says it bans the three breeds, plus any animal that has the predominant characteristics of one of those breeds. In essence, the city doesn't really care what the DNA makeup of the dog is. Rather, if it's got the muscular jaw, if it's got the muscular build, if it's a short dog and big jaws, that's the type of dog that is causing injuries in Sioux City, and that's the type of dog that we want banned. What the DNA report says doesn't really matter to us. The Luan case that we have cited. Doesn't there have to be some reasonably plausible scientific basis for the city's ordinance? Can they just say willy-nilly, we don't want these dogs? Other circuits have upheld very similar, and this circuit has upheld very similar ordinances. What's the closest case in your state? Probably the Diaz case in Colorado. Ten-circuit opening. The Luan case gives us a little bit in the doctrine of standing that there has to be an injury in fact, a causal connection, and the injury must be likely and not speculative. Here I would argue that Mrs. Meyer's approach is speculative. She's saying I might want to get a dog in the future, and we don't have that here. What about the affidavit? Is there an affidavit? I assume there's an affidavit that says well. There is, which came after, but I would revert back to standing has to remain throughout the entirety of the litigation. You cannot retrospectively establish standing? Exactly. If that standing goes away for a short bit of time, the court is obligated upon a request from opposing counsel or the opposing, in this case the defendant, to dismiss the claim. Well, now she does say in her declaration that she intends to adopt a dog in the near future, that her veterinarian is in Sioux City, and that she would intend to take a future adopted dog to the same veterinary clinic and take the dog to visit friends and family within the city. And we are not opposing that declaration. But what I am stating is that in her deposition, I believe it was some 60 to 90 days before that declaration, she stated that she had no intent to get a dog. Couple that with the fact that she lives outside the city, and I would agree. I think that one prong is met. But the second prong, there for a period of time, she stated under oath that she had no intention to obtain another dog, even a pit bull dog. There's also been a little bit of talk today about the vagueness claim. And the plaintiff has admitted that she's owned four to five pit bulls. She even went to name four of them. She said that she knew what the ordinance meant, and she knew as it was applied to her what that meant. Admittedly, the city did revoke two dogs from her, give her the opportunity to have them placed outside of the city, which is the normal practice of our ordinance. The Hill v. Colorado case at 530 U.S. 703 gives us a two-part test for vagueness. And I quote, Aren't you getting to the merits now? If we get to that point, I would argue that we don't even have to get to the merits of the case because of the standing issue. But if we get there, the vagueness claim was already dismissed. Wouldn't the district court get first crack at that? Absolutely. If you have no further questions, I have no other argument. Very good. Thank you, Mr. Vondrack. Thank you. Thank you, Your Honor. A couple of quick points. First, the deposition of the plaintiff, it appears in joint appendix at page 108. This is exactly what was said. Question, do you currently have any dogs now? Answer, no. Question, how come? Answer, me and my fiancee work full time, basically, and just don't have time right now. There is no expressed intention of never getting another dog. There's no indication that if the plaintiff does get another dog, it wouldn't be of a breed that would be banned here. So the record is she said she doesn't have a dog right now and doesn't have time right now. Three months later, she files an affidavit saying, I intend to get a dog in the near future. And it's reasonable for the plaintiff at that point, because she wants to bring the dog into Sioux City, to wait for this litigation to get resolved. The other issue is go back to the complaint or the amended complaint. There was no allegation made at the time of filing that the plaintiff had a dog right now. It was that the plaintiff had two dogs taken from her. On another issue, when counsel was asked if there are other cases that were similar to this, and they referenced the Diaz case out of the District of Colorado, that case was not decided in the favor of a city like Sioux City's here. In fact, in that case, the appellate court reversed the original dismissal of the claim and found that the plaintiff could successfully challenge the Denver pit bull ban based on exactly the kind of scientific evidence that we have in this case. Ultimately, that case was voluntarily dismissed because the plaintiff moved from Denver and had no intention to come back. The ultimate issue in this case is not whether it's a facial challenge or an as-applied challenge. It's not even really the void for vagueness argument. It's does a plaintiff who's had two dogs taken from her under a challenged ordinance have standing to seek declaratory relief. The answer is unquestionably that the plaintiff does. The district court never even addressed that claim. The district court focused solely on the claim for prospective future injunctive relief and determined because the plaintiff didn't live in Sioux City, she didn't have standing. And what should the district court have focused on? Well, the claim for declaratory relief. Is the statute unconstitutional? And again, this issue arose... In other words, why... Well, no, the plaintiff would clearly have to have standing to bring the declaratory relief. But the plaintiff here does. Why wouldn't an enterprising city... No, I shouldn't say enterprising. Suppose a sympathetic person in Nebraska could have brought a similar claim. Sure. And the evidence in the record is that, you know, Sioux City enforces this ordinance against non-residents if they have dogs that are found within the city. But on the declaratory judgment claim, does a plaintiff who's lost property as a result of actions taken under a city ordinance therefore have a right to seek a declaratory judgment that that ordinance is unconstitutional? We have a case that said the same thing. And what was the page number of that case on this? Oh, let me see. The Smart case. I guess we've, as you say, that would be on all fours with your case. Mattis v. Schnarr. And it's cited in our brief. It's 502 F. 2nd. 588. And then the specific quote is on page 595. I see. Thank you. Well, I see I'm out of time. One quickly. Isn't there a difference between a declaration that you took my two dogs improperly and a declaration that the statute on its face is facially unconstitutional? I want to make sure I understand the question. Is it? Yeah. I mean, obviously, there are substantive differences between those two claims. But are you asking from a standing perspective? It seems to me you're trying to bootstrap the taking of the two dogs into a facial challenge and trying to use that as a way to get standing on a facial challenge for which you otherwise might not have standing. Does that make any sense to you? Yeah. I see where you're going with that. I think that the rule is that if you've been subject to past action under a statute which you allege is unconstitutional. Yeah. Your declaration for that is that was improper or damages. Right. But you can bring a facial. You can say I've been subject to harm under this ordinance. I'm now challenging the constitutionality of the ordinance. And my challenge is a facial challenge, that it's unconstitutional in every application. And so if we say, well, that's what the plaintiff's claim is here, fine. But the plaintiff still has standing to bring that claim. Thank you. Thank you, Mr. Semel. Another interesting case.